UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. WATER SERVICES
CORPORATION,

      Plaintiff,

v.                                                                Case No.:  2:25-cv-15-SPC-DNF

XYLEM WATER SOLUTIONS
U.S.A. INC.,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court is Defendant Xylem Water Solutions U.S.A. Inc.'s
Motion for Judgment on the Pleadings.  (Doc. 23).  Plaintiff U.S. Water Services
Corporation responded (Doc. 28), and Defendant replied (Doc. 31).  For the
below reasons, the Court grants the motion.

## Background

This is a breach of express warranty action.  Plaintiff provides water and
wastewater services.  Defendant sells water technology products, services, and
other supplies to providers like Plaintiff.  Plaintiff purchased certain
equipment from Defendant.  And some of the equipment immediately began
malfunctioning.  According to Plaintiff, although Defendant eventually
replaced the defective products, it was after Plaintiff expended hundreds of

labor hours to investigate, attempt to repair, and replace the defective products. The defects also resulted in project delays. So Plaintiff sues Defendant for breach of contract (count I) and breach of express warranty (count II)[1] seeking damages of $179,564 for the additional labor costs and project delays. (Doc. 1).

To establish the parties' contractual relationship, Plaintiff relies on a proposal Defendant submitted in its bid for the transaction ("Proposal"). The Proposal includes the details of the sale, an express warranty, and it otherwise incorporates Defendant's "Standard Terms and Conditions of Sale–Xylem Americas." (Doc. 23-1). The Terms and Conditions includes an express warranty of its own. But the two warranties are not identical. Pertinent for this dispute, the Terms and Conditions' warranty expressly limits Plaintiff's remedies for breach of the warranty to repair or replacement of the defective product. The Proposal's warranty includes no such express remedies limitation. So the parties disagree as to whether Plaintiff's remedies are in fact limited to repair or replacement.

---

[1] Plaintiff's breach of contract claim is based on Defendant's "fail[ure] to deliver non-defective Equipment[.]" (Doc. 1 ¶ 27). It is thus duplicative of the breach of express warranty claim, and the Court addresses both claims together.

## Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Colony Ins. v. Coastal Constr. Mgmt., LLC*, No. 22-14037, 2024 WL 861254, at *1 (11th Cir. Feb. 29, 2024) (citation omitted). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Depositors Ins. v. WTA Tour, Inc.*, 576 F. Supp. 3d 1066, 1072 (M.D. Fla. 2021) (citation omitted). At this stage, the Court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Colony Ins.*, 2024 WL 861254, at *1.

## Analysis

Plaintiff sues for $179,564 in damages for the additional labor hours it spent investigating, attempting to repair, and replacing the defective product and for project delays. Defendant moves for judgment on the pleadings arguing that Plaintiff cannot recover its sought-after damages because the Terms and Conditions' express warranty limits Defendant's liability and Plaintiff's remedy to repair or replacement of the defective product.[2] (Doc. 23). Plaintiff

---

[2] Defendant raises other arguments, but the Court need not reach them.

does not dispute the Terms and Conditions limits Plaintiff's remedies exclusively to repair or replacement. Rather, it argues that the warranty in the Proposal—which does not expressly limit Plaintiff's remedies—supersedes the Terms and Conditions' warranty, so its sought damages are fair game.[3] (Doc. 28).

The Terms and Conditions' express warranty totals five paragraphs and includes the following pertinent provisions:

- Defendant warrants goods sold to Plaintiff (with some goods explicitly excluded) for one year from installation or eighteen months from shipment, whichever occurs first;

- Defendant "will, at its option and at no cost to [Plaintiff], either repair or replace any goods which fails to conform with the Warranty; provided, however, that under either option, [Defendant] will not be obligated to remove the defective goods or install the replaced or repaired goods and [Plaintiff] will be responsible for all other costs, including service costs, shipping fees and expenses"; and

- **"THE FOREGOING WARRANTY IS EXCLUSIVE . . . [PLAINTIFF'S] EXCLUSIVE REMEDY AND [DEFENDANT'S] AGGREGATE LIABILITY FOR BREACH OF ANY OF THE FOREGOING WARRANTIES ARE LIMITED TO REPAIRING OR REPLACING THE GOODS AND WILL IN ALL CASES BE LIMITED TO THE AMOUNT PAID BY [PLAINTIFF] HEREUNDER."**

---

[3] Both the Proposal and the Terms and Conditions are referenced in Plaintiff's complaint, and Plaintiff does not dispute that the Court can consider these documents at this stage. So the Court considers them. *See Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) ("On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint.").

(Doc. 23-2 § 6).[4] The key takeaway is that the Terms and Conditions warranty makes repair or replacement Plaintiff's exclusive remedy for a breach of the express warranty.

The Proposal incorporates the Terms and Conditions. Specifically, the Proposal states that it is subject to the Terms and Conditions, and that "[d]ifferent terms are hereby rejected unless expressly assented to in writing." (Doc. 23-1 § H). The next section, titled "Warranty," provides:

> [Defendant] warrants all parts to be free from defective material and workmanship for a period of three (3) year diffuser warranty and a two (2) year equipment warranty, and to furnish to the Owner replacements for any such items found to be defective within that period.

(*Id.* § I). This warranty is much simpler than the one found in the Terms and Conditions and does not expressly limit Plaintiff's remedy to repair or replacement.

Plaintiff argues the Proposal's warranty—which does not expressly limit its remedies—applies. To support its position, Plaintiff observes that the Terms and Conditions governs the parties' dealing *unless* different terms are expressly assented to in writing. (Doc. 23-1 § H). Because the Proposal includes a warranty that differs from the Terms and Conditions' warranty,

---

[4] Because the parties' transaction was for a sale of goods, Florida's Uniform Commercial Code ("UCC") governs. *See* Fla. Stat. § 672.102. Florida's UCC generally permits limiting liability to repair or replacement. *See* Fla. Stat. § 672.719 (permitting an agreement to "limit or alter the measure of damages recoverable under [Florida's UCC], as by limiting the buyer's remedies to . . . repair and replacement of nonconforming goods or parts").

Plaintiff maintains that this warranty supersedes the one found in the Terms and Conditions.[5]  And since the Proposal's warranty does not include a provision expressly limiting Plaintiff's remedies, the argument goes, Plaintiff is not limited to repair or replacement.[6]  In other words, Plaintiff believes the Proposal's one-sentence warranty replaced the entire five-paragraph warranty found in the Terms and Conditions.  It is mistaken.

Given the two warranties are not mirror images, Plaintiff tries to obviate the entire Terms and Conditions' warranty, even those provisions to which the Proposal's warranty is silent.  But arriving at Plaintiff's conclusion would require contrasting the two warranty provisions as a whole rather than looking narrowly for differing or conflicting terms.  The Proposal refutes such a reading given it explicitly mandates that the Terms and Conditions control and rejects differing *terms* unless the different *terms* are expressly assented to in writing.  The Proposal's deference to the Terms and Conditions makes clear that the Proposal's warranty replaces only conflicting provisions in the Terms and

---

[5] Plaintiff never alleges in the complaint or mentions in its response that the parties assented in writing to the Proposal's differing terms.  And conspicuously, the Proposal is not a contract.  But construing the facts in Plaintiff's favor (as the Court must) and because Defendant does not argue otherwise, the Court presumes the parties assented to the differing terms in the Proposal's warranty.

[6] When a contract specifies remedies but "there is no express or implied limitation in the contract making the stated remedy exclusive, the prevailing view is that a party may pursue either the prescribed remedy or any other remedy the law provides."  17A Am. Jur. 2d *Contracts* § 709; *Parsons v. Motor Homes of Am., Inc.*, 465 So. 2d 1285, 1291 (Fla. Dist. Ct. App. 1985) ("If the parties intend the term to describe the sole remedy under the contract, this must be clearly expressed." (internal quotations omitted)).

Conditions.  So the proper approach is to review the warranties for conflicting terms.  *See also Seabreeze Rest., Inc. v. Paumgardhen*, 639 So. 2d 69, 71 (Fla. Dist. Ct. App. 1994) ("When provisions in a contract appear to be in conflict, they should be construed so as to be reconciled, if possible.").

The Proposal's warranty expressly conflicts with the Terms and Conditions' warranty in only three respects: (1) the Proposal extends the warranty's duration from one-year to two-years for equipment and adds a three-year diffuser warranty, (2) it requires Defendant to replace the defective parts rather than having the option to repair or replace, and (3) it warrants "all parts," without any listed exceptions.[7]  (*Compare* Doc. 23-1 § I *with* Doc. 23-2 § 6).  These terms replace their conflicting counterparts found in the Terms and Conditions.  The rest of the Terms and Conditions' warranty remains unaffected and governs.  This includes the express remedies limitation, the condition that Defendant need not remove defective goods or install the replaced goods, and the requirement that Plaintiff maintain responsibility "for all other costs."  (Doc. 23-2 § 6).

Plaintiff tries another approach.  In its response, Plaintiff points to section one of the Terms and Conditions, titled "Agreement, Integration and

---

[7] Plaintiff seems to believe that where the Proposal is silent on a topic that the Terms and Conditions addresses, a conflict exists.  (*See* Doc. 28 at 8).  But silence does not create a conflict.  *Cf. Curran v. Kemper Nat. Servs., Inc.*, No. 04-14097, 2005 WL 894840, at *4 (11th Cir. Mar. 16, 2005) (noting that if one contract is silent on an issue, "such silence would not create a conflict with" the other contract).

Conflict of Terms." (Doc. 23-2 § 1). This section provides that "[a]ny additional or different terms and conditions contained in [Plaintiff's] purchase order or other communications will have no effect on the Agreement[8] unless specifically agreed to in writing by the parties." (*Id.*). It continues, "[i]n the case of any conflict among the foregoing documents, [the Terms and Conditions] will take precedence *with the exception of* . . . (ii) the warranty[.]" (*Id.*) (emphasis added). Plaintiff contends this provision establishes that the Terms and Conditions do not govern conflicting warranty provisions. But as Defendant observes in its reply, Plaintiff (conveniently) stopped short. The complete provision states that the Terms and Conditions take precedence over any conflicts "with the exception of . . . (ii) the warranty, *which will be governed by the Seller's product documentation*." (*Id.*) (emphasis added). So Plaintiff's incomplete reading of section one is erroneous at best, disingenuous at worst.

Plaintiff's reliance on section one backfires. Section one states that, to the extent a warranty conflict exists, Defendant's product documentation governs. Well, Defendant provided the product documentation. And it explains that, with defective equipment, Defendant "shall, at its option, repair or replace the defective equipment or part" and "[s]uch repair or replacement

---

[8] "Agreement" is defined in the Terms and Conditions as "these terms and conditions, together with any/all documents, including the accompanying quotation, any special conditions, limited process guarantees, and documents referred to or included within the quotation and expressly made a part of this Agreement." (Doc. 23-1 § 1).

*shall be [Defendant's] sole liability, and [Plaintiff's] sole remedy*, for breach of warranty[.]"   (Doc. 32-1 at 4 (emphasis added)).[9]   So no matter which way Plaintiff slices it, repair or replacement is its exclusive remedy for Defendant's breach of express warranty.

The product documentation also implicitly confirms that the Proposal's warranty replaces only those conflicting provisions in the Terms and Conditions.  The warranty in the product documentation includes a three-year diffuser warranty and a two-year equipment warranty—the same offered in the Proposal.  (Doc. 32-1 at 4).  It otherwise includes language from the Terms and Conditions' warranty, such as expressly limiting Plaintiff's remedies to repair or replacement.  (*Id.*).  In other words, the product documentation's warranty is the result of combining the Proposal warranty's conflicting terms with the Terms and Conditions' warranty, demonstrating the proper reading of the two warranties.

Ultimately, Plaintiff seeks damages for the hundreds of labor hours spent investigating, attempting to repair, and replacing the defective products as well as costs for project delays.  But Plaintiff's exclusive remedy for

---

[9] The Court can consider this document because it is central to Plaintiff's claim and unchallenged.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a court may consider documents attached to a motion to dismiss if the attached document is "central" to the plaintiff's claims and the authenticity of the document is unchallenged); *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1230 (S.D. Fla. 2014) (considering the "Warranty Guide" because it is central to the plaintiff's breach of express warranty claim).

Defendant's breach of express warranty is repair or replacement.[10]    And

Plaintiff concedes in its complaint that Defendant replaced the defective goods

and thus satisfied its sole obligation.  (Doc. 1 ¶¶ 17, 28).  It follows then that

Plaintiff's claims fail, and Defendant is entitled to judgment on the pleadings.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. 23) is

    **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment for Defendant and

    against Plaintiff, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 1, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[10] Plaintiff never argues that the exclusive repair-or-replacement remedy failed its essential purpose.  *See* Fla. Stat. § 672.719(2) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this code.").